IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Kareem Martin, | ) | C/A NO.:  0:20-cv-01400-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANT FAIRFIELD COUNTY** |
| Fairfield County Sheriff's Department, Sheriff | ) | **SHERIFF'S OFFICE'S** |
| Will Montgomery, Deputy Samantha | ) | **MEMORANDUM IN SUPPORT OF** |
| Demirtas, Sergeant Timothy Inman, and | ) | **ITS MOTION TO DISMISS** |
| Sergeant Chris Darner. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Fairfield County Sheriff's Office, incorrectly identified by Plaintiff as "Fairfield County Sheriff's Department," hereby submits the following Memorandum in Support of its Motion to Dismiss.

**BACKGROUND AND PROCEDURAL HISTORY**

On February 10, 2018, Defendant Samantha Demirtas responded to 938 Martin Road, Winnsboro, South Carolina, in response to a complaint of gun shots and harassing text messages. During the process of taking a report from Jaida Martin, who had made the complaint of harassing text messages, Defendant Demirtas heard gun shots coming from behind the residence. Defendant Demirtas investigated the source of the gun shots and found Plaintiff Kareem Martin, along with Keenan Martin, holding weapons. During the course of Defendant Demirtas' interaction with Kareem and Keenan Martin, both Kareem and Keenan were ultimately arrested for breach of the peace.

Plaintiff Kareem Martin initiated the instant action on February 10, 2020, alleging causes of action arising out of his arrest pursuant to a charge of breach of the peace that occurred on

**Page 1 of 6**

February 10, 2018. In the Complaint, Plaintiff lists the following causes of action: (1) 42 U.S.C. § 1983 violations of his first, second, fourth, and fourteenth amendment rights; (2) negligence and gross negligence.

## LAW

Rule 12(b), SCRCP, provides, in pertinent part:

> Every defense....to a cause of action in any pleading....shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion....(2) lack of jurisdiction over the person....(4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state facts sufficient to constitute a cause of action…A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

## ANALYSIS

I.     **"Fairfield County Sheriff's Department" is not a legal entity capable of being sued.**

Plaintiff's complaint must be dismissed as a matter of law because "Fairfield County Sheriff's Department," is not a legal entity capable of being sued. Instead of naming the proper legal entity, Plaintiff improperly named buildings and facilities. It is well-settled law that buildings and correctional institutions, like sheriff's departments and police departments, are not considered legal entities subject to suit. *See, e.g.*, *Lyons v. Edgefield Cty. Police*, No. C/A 8:05-2503-MBS, 2006 WL 3827501, at *3 (D.S.C. Dec. 28, 2006) ("[Building, walls, and fences do not act under the color of state law."); *Spellman v. City of Columbia Police Dep't*, C/A No. 9:12-2376-TMC-BM, 2012 WL 5409626, at *2 (D.S.C. Sept. 28, 2012) *report and recommendation adopted*, C/A No. 9:12-2376-TMC, 2012 WL 5408023 (D.S.C. Nov. 6, 2012) (holding "The City of Columbia Police Department is a group of officers in a building and, as such, is not subject to suit under § 1983. Buildings and correctional institutions, as well as sheriff's departments and police departments, usually are not considered legal entities subject to suit."); *Shelby v. City of Atlanta*,

578 F.Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing city police department as a party defendant because it "is merely the vehicle through which the City government fulfils its policing functions").

The Sheriff is a constitutional officer and not a department of a particular county. *See* S.C. Const., Art. V., Sec. 24, S.C. Code Ann. § 23-11-10, *et seq.*, *Heath v. Aiken County*, 295 S.C. 416, 368 S.E.2d 904 (1988).  Accordingly, the Sheriff's "Department" is not a proper legal entity because the department is the facility through which the county fulfils its policing functions. In order to proceed with any claims arising out of the functions of these buildings and facilities, Plaintiff would have had to name the appropriate legal entity. Accordingly, Plaintiff's Complaint must be dismissed against "Fairfield County Sheriff's Department," as it is not a legal entity capable of being sued.

II.    **Plaintiff's complaint must be dismissed as a matter of law against the "Fairfield County Sheriff's Department" for insufficiency of process pursuant to Rule 12(b)(5)**

Plaintiff brought the current action in the Fairfield County Court of Common Pleas; the sufficiency of process, therefore, must be determined by the applicable South Carolina State statutes and rules for service of process.

Plaintiff has failed to comply with the South Carolina Rules of Civil Procedure as it applies to service of the complaint upon Defendants. "Rule 12(b)(5) is the proper vehicle for challenging both 'the mode of delivery or the *lack of delivery* of the summons and complaint.'" *Unisun Ins. v. Hawkins*, 342 S.C. 537, 541, 537 S.E.2d 559, 561 (Ct. App. 2000) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Civil 2d § 1353 (1990) (emphasis original)).

Rule 4(d), SCRCP, is the provision that provides for service upon Defendants such as those in this action.  This rule provides for service upon Defendants in this suit by the following means:

(d)(6) **Governmental Subdivision**. Upon a municipal corporation, county

or other governmental or political subdivision subject to suit, by delivering a copy of the summons and complaint to the chief executive officer or clerk thereof, or by serving the summons and complaint in the manner prescribed by statute for the service of summons and complaint or any like process upon any such defendant.

Even if the "Fairfield County Sheriff's Department" was a legal entity, Plaintiff did not properly serve the entity timely or correctly. Plaintiff provided to Defendants' counsel via email the attached Acceptance of Service for "Fairfield County Sheriff's Department." *Exhibit 1*, Email and Acceptance of Service. Inasmuch as no such entity exists, the matter could not be its very definition be served in accordance with the South Carolina Rules of Civil Procedure and, therefore, this matter must be dismissed against "Fairfield County Sheriff's Department" as a matter of law.

III.    **Plaintiff's complaint fails to state a claim for which relief can be granted pursuant to Rule 12(b)(6)**

Pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure, a defendant may move to dismiss a plaintiff's complaint based on its failure to state facts sufficient to constitute a cause of action. *Baird v. Charleston County*, 333 S.C. 519, 527, 511 S.E.2d 69, 73 (1999). In determining whether to grant a motion to dismiss, the Court should "consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief." *Flateau v. Harrelson*, 355 S.C. 197, 202, 584 S.E.2d 413, 415 (Ct. App. 2003). "A ruling on a 12(b)(6) motion to dismiss [for failure to state a claim] must be based solely upon allegations set forth on the face of a complaint." *Toussaint v. Ham,* 292 S.C. 415, 357 S.E.2d 8 (1987).

a.  *Plaintiff has failed to set forth facts sufficient to constitute a cause of action*

Pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure, a defendant may move to dismiss a plaintiff's complaint based on its failure to state facts sufficient to constitute a cause of action. *Baird v. Charleston County*, 333 S.C. 519, 527, 511 S.E.2d 69, 73 (1999). In determining whether to grant a motion to dismiss, the Court should "consider whether the

complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief." *Flateau v. Harrelson*, 355 S.C. 197, 202, 584 S.E.2d 413, 415 (Ct. App. 2003). "A ruling on a 12(b)(6) motion to dismiss [for failure to state a claim] must be based solely upon allegations set forth on the face of a complaint." *Toussaint v. Ham,* 292 S.C. 415, 357 S.E.2d 8 (1987).

As previously noted, the "Fairfield County Sheriff's Department" does not exist. Therefore, any claims against it could not state a valid claim for relief and any complaint should have been asserted against the Fairfield County Sheriff's Office.

b.   *Plaintiff's claim for punitive damages for any claims arising under the SCTCA must be dismissed as a matter of law*

To the extent Plaintiff claims punitive damages arising out of any causes of action arising under the SCTCA, his claim for punitive damages must be dismissed as a matter of law. Section 15-78-120(b) of the South Carolina Code provides, "No award for damages under this chapter shall include punitive or exemplary damages or interest prior to judgment." In his Complaint, Plaintiff requests punitive damages in an amount to be determined by the Court and a jury. This request is improper as to any cause of action arising under the SCTCA and must be dismissed.

## CONCLUSION

For the reasons contained herein, this action is procedurally deficient and fails to state a claim for which relief can be granted because the "Fairfield County Sheriff's Department" does not exist. Accordingly, Defendants respectfully request this Court grant their motion to dismiss with prejudice pursuant to Rules 12(b)(2), (4), (5), and (6), SCRCP.

*<signature block on following page>*

**Page 5 of 6**

**SMITH │ ROBINSON**
**Smith Robinson Holler DuBose and Morgan, LLC**

By:  *s/H. Thomas Morgan, Jr.*
H. Thomas Morgan, Jr., Fed ID No. 10189
ATTORNEY FOR DEFENDANTS
935 Broad Street
Post Office Drawer 39
Camden, South Carolina 29021
(803) 432-1992
tommy@smithrobinsonlaw.com

April 9, 2020