IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Kareem Martin, | ) | C/A No. 0:20-1400-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sheriff Will Montgomery; Deputy Samantha Davis; Sergeant Timothy Inman; Sergeant Chris Darner; Fairfield County Sheriff's Office, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| Keenan Avery Martin, | ) | C/A No. 0:20-1401-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sheriff Will Montgomery; Deputy Samantha Davis; Sergeant Timothy Inman; Sergeant Chris Darner; Fairfield County Sheriff's Office, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

These civil rights actions were removed from the Fairfield County Court of Common Pleas and were consolidated by the court by order dated May 13, 2020. (ECF No. 21 (21).)[1] These matters are before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for consideration of the plaintiffs' motion for sanctions (ECF No. 30 (28)) and motion to

---

[1] The first docket number references the docket number in C/A No. 0:20-1400, and the docket number in parentheses references the docket number in C/A No. 0:20-1401.

compel (ECF No. 35 (33)).  The defendants filed responses in opposition to the motions.  (ECF Nos. 32 (30) & 36 (34).)

**I.     Motion for Sanctions**

The plaintiffs originally named the "Fairfield County Sheriff's Department" as one of the defendants.  The plaintiffs assert that counsel for the defendants accepted service on behalf of the defendants in these cases, including the defendant identified as "Fairfield County Sheriff's Department."  However, when the defendants removed these cases on April 9, 2020, they filed motions to dismiss in which they argued that "Defendant Fairfield County Sheriff's *Office*" should be dismissed for lack of personal jurisdiction, insufficiency of service of process, and failure to state a claim upon which relief can be granted because the defendant was incorrectly identified by Plaintiff as the "Fairfield County Sheriff's *Department*."  (ECF No. 5 (5).)  The plaintiffs assert that over April 15-16, 2020, the plaintiffs' counsel asked the defendants' counsel to withdraw its motions to dismiss and allow the plaintiffs to amend their pleadings to cure any deficiencies, but the defendants' counsel stated it was the defendants' position that the plaintiffs sued the wrong entity and the statute of limitations had run.  On April 26, 2020, the plaintiffs filed Amended Complaints and summonses pursuant to Federal Rule of Civil Procedure 15, which named the "Fairfield County Sheriff's Office" as a defendant.  (ECF No. 10 (10).)  The court terminated the defendants' motions to dismiss as moot in light of the plaintiffs' amended pleadings without prejudice to refile responsive pleadings or motions based on the amended pleadings.  (ECF No. 21 (21).)

The plaintiffs now seek sanctions against the defendants pursuant to Federal Rule of Civil Procedure 11.  The plaintiffs argue that the defendants' arguments seeking dismissal of Defendant

Fairfield County Sheriff's Office were frivolous, not ripe, misrepresentations to the court, and gamesmanship.

> Rule 11 states in part:
>
> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b)(1)-(2). The court, on a motion or on its own, may impose sanctions for violating Rule 11, but the sanctions must be limited to those sanctions sufficient "to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(1), (3), (4). An attorney's assertion of law violates Rule 11(b)(2) when, applying a standard of objective reasonableness, a reasonable attorney in like circumstances could not have believed his actions to be legally justified and not frivolous. In re Sargent, 136 F.3d 349, 352 (4th Cir. 1998) (quoting Cabell v. Petty, 810 F.2d 463, 466 (4th Cir. 1987) and Forrest Creek Assocs. v. McLean Sav. & Loan Ass'n, 831 F.2d 1238, 1245 (4th Cir. 1987)). In other words, "a legal position violates Rule 11 if it has absolutely no chance of success under the existing precedent." Id. (quoting Brubaker v. City of Richmond, 943 F.2d 1363, 1373 (4th Cir. 1991)).

The court concludes that the defendants' legal positions in the motions to dismiss do not warrant sanctions. The plaintiffs incorrectly identified the Fairfield County Sheriff's Office in their original pleadings and summonses. The court makes no findings as to the merit of the defendants' arguments seeking dismissal based on the incorrectly named defendant, but the

defendants supported their position with citation to authority and the court is not aware of any evidence that the defendants' counsel acted in bad faith in making those arguments. See Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 155 (4th Cir. 2002) (considering whether counsel had a good faith basis to assert her legal position in determining whether Rule 11 sanctions were warranted); see also id. at 151 (stating that asserting a losing legal position is not itself sanctionable conduct) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1977)). Accordingly, the plaintiffs' motions for sanctions are denied.

## II.     Motion to Compel

The plaintiffs also ask the court to compel the defendants to provide answers to the plaintiffs' interrogatories and to supplement their answers to the plaintiffs' requests for production. The defendants served answers and responses to the plaintiffs' discovery requests on September 3, 2020. The plaintiffs sent a Rule 11 letter on September 17, 2020, claiming in part that the defendants refused to withdraw boilerplate objections to the interrogatories and requests for production, refused to produce the individual defendants' insurance policies, and objected to the plaintiffs' request to produce a list of all exhibits or other documents that may be used at trial. The defendants responded on September 24, 2020, updated some of their responses, and objected to other requests and interrogatories.

The plaintiffs argue that the court should deem the defendants' objections waived, or in the alternative, order the defendants to withdraw boilerplate objections because the defendants' answers include a section of "general objections" to the plaintiffs' interrogatories and requests before the defendants provide specific answers to the interrogatories and requests. (ECF No. 35-3 at 6, 28 (33-3 at 6, 28) (for example, "Without waiving these objections . . . Defendant responds to these Requests for Production as follows: . . . .")   The court agrees that the defendants' "general

objections" that do not refer to any specific interrogatory are waived because they are not specific. See Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); Lynn v. Monarch Recovery Mgmt., Inc., 285 F.R.D. 350, 356 (D. Md. 2012) (collecting cases that find that failure to state with specificity the grounds for an objection may result in waiver of the objection, unless the court excuses the failure for good cause shown); see also Curtis v. Time Warner Entm't-Advance/Newhouse P'ship, C/A No. 3:12-cv-2370-JFA, 2013 WL 2099496, at *2-3 (D.S.C. May 14, 2013) (providing general rules for the efficient resolution of discovery disputes in the District of South Carolina, including that parties shall not make "nonspecific, boilerplate objections").  But the defendants' objections that respond to enumerated interrogatories and requests for production are not waived.

The plaintiffs also argue the defendants should be compelled to produce any insurance policies maintained by the *individual* defendants in response to the plaintiffs' request to "produce any and all insurance policies related to this matter." (ECF No. 35-2 at 9 (33-2 at 9).)  Specifically, in their Rule 11 letter, the plaintiffs informed the defendants that this request includes all personal or homeowner insurance policies of the individual capacity defendants. (ECF No. 35-1 at 5 (33-1 at 5.)  The defendants argue that the plaintiff's requests for personal or homeowners' policies are irrelevant.  The court agrees with the defendants.  See Cook v. Howard, 484 F. App'x 805, 812 (4th Cir. 2012) ("Relevance is thus the foundation for any request for production."); 8B Fed. Prac. & Proc. Civ. § 2206 (3d ed.) ("Any document or thing that is relevant to the claim or defense of any party may be inspected pursuant to Rule 34.").  The plaintiffs provide no explanation as to why the individual defendants' personal insurance policies would provide coverage for events that happened during their employment with the Fairfield County Sheriff's Office.  Notably, the defendants provided the declarations page for the South Carolina Association of Counties Property

and Liability Trust insurance policy, which conceivably could provide coverage in this matter. Accordingly, the plaintiffs' motion to compel production of the individual defendants' personal insurance policies is denied.

Finally, the plaintiffs argue that the defendants failed to respond to the plaintiffs' interrogatory asking for a list of exhibits or other documents that may be used in a trial of these cases. The court disagrees. In their response to the plaintiffs' Rule 11 letter, the defendants clarified that in their response to Interrogatory #4, they provided a list of documents they might rely upon at trial. (ECF No. 35-5 at 5 (33-5 at 5).) Accordingly, the plaintiffs' request to compel the defendants to answer this interrogatory is denied.

Based on the foregoing, the plaintiffs' motion for sanctions (ECF No. 30 (28)) and motion to compel (ECF No. 35 (33)) are denied, except that the defendants' general, non-specific objections to the plaintiffs' interrogatories and requests for production are deemed waived.

**IT IS SO ORDERED**.

October 28, 2020
Columbia, South Carolina

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE