IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Kareem Martin, | ) | C/A NO.: 0:20-cv-01400-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANTS' LIMITED OBJECTION** |
| Fairfield County Sheriff's Office, Sheriff Will | ) | **TO REPORT AND** |
| Montgomery, Deputy Samantha Demirtas, | ) | **RECOMMENDATION** |
| Sergeant Timothy Inman, and Sergeant Chris | ) | |
| Darner, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants Fairfield County Sheriff's Office, Sheriff Will Montgomery, Deputy Samantha Demirtas, Sergeant Timothy Inman, and Sergeant Chris Darner (hereinafter "Defendants"), by and through their undersigned counsel, respectfully submit this Limited Objection to the August 31, 2021 Report and Recommendation. ECF No. 81.

In the Report and Recommendation, Judge Gossett recommends granting Defendants' Motion for Summary Judgment (ECF No. 66) and denying Plaintiff Kareem Martin's Motion for Summary Judgment (ECF No. 41). ECF No. 81 at 18. However, in footnote seven, Judge Gossett stated: "Neither party moved for summary judgment as to Martin's retaliatory arrest claim under the First Amendment. Thus, the court does not address that claim here." ECF No. 81 at 15. Further, in footnote ten, Judge Gossett stated: "The parties did not address Martin's § 1983 claims of violations of the First, Second, and Fourteenth Amendments in their motions for summary judgment and supporting memoranda. Therefore, if this Report and Recommendation is adopted, those claims will remain against the deputies." ECF No. 81 at 18. Defendants respectfully object to this recommendation as their Motion for Summary Judgment included arguments related to

Plaintiff's § 1983 claim for violation of his First, Second, Fourth, and Fourteenth Amendment rights.  Therefore, Defendants request that the Court adopt Judge Gossett's recommendation that their Motion for Summary Judgment be granted and find that this action should be dismissed in its entirety.

## **DISCUSSION**

The impetus for Plaintiff's cause of action under § 1983 is his allegation that Defendants arrested him without probable cause.  Plaintiff alleges that Defendants violated his First, Second, Fourth, and Fourteenth Amendment rights when they arrested him "without articulable suspicion, probable cause, or legal authority to do so and without legal justification, [and] no reasonable basis to believe a crime had been committed."  ECF No. 10 at ¶ 61. In the preamble to his Amended Complaint, Plaintiff alleges

> This action is brought pursuant to 42 U.S.C. § 1983 for violations to Plaintiff's constitutional right to bear arms under the Second Amendment, Plaintiff's constitutional right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments, and Plaintiff's right to free speech under the First Amendment of the United States Constitution.  Plaintiff alleges law enforcement officers Sheriff Will Montgomery, Deputy Samantha Demirtas, Sergeant Timothy Inman, and Sergeant Chris Darner with the Fairfield County Sheriff's Office, as part of a plan, scheme and practice to harass citizens by *fabricating fraudulent grounds to arrest innocent citizens* who are without substantial financial means to assert their legal and constitutional rights.

ECF No. 10 at p. 1 (emphasis added).  Throughout the Amended Complaint, Plaintiff alleges the arrest without probable cause or legal justification is what violated Plaintiff's constitutional rights, regardless of which constitutional right Plaintiff alleges was violated by the arrest.  For example, Plaintiff states:

> Law enforcement officers . . . *chose to fabricate Plaintiff[']s violation of the law and arrest him for Breach of Peace* because they did not like the fact that two young black men were allowed to exercise their constitutional rights by legally shooting weapons and not readily providing their names to law enforcement even though they had no legal obligation to do so.

ECF No. 10 at ¶ 50 (emphasis added).  Plaintiff further alleges the officers "knowingly violated clearly established law arresting and/or detention *without articulable suspicion, arrest without probable cause, unreasonable search and seizure*, and failed to intervene when they had an opportunity to do so."  ECF No. 10 at ¶ 55 (emphasis added).  Plaintiff also states Defendants "violated [his] constitutional rights for no other reason than their supercilious, officious, and intrusive attitudes, wanting to throw their weight and apparent authority around in an effort to humiliate Plaintiff and 'bring him to heel' *without any legal authority to do so*."  ECF No. 10 at ¶ 58 (emphasis added).  Accordingly, Plaintiff's allegations as to each violation of his constitutional rights can be summarized as follows:

1. Defendants violated Plaintiff's First Amendment rights when they fabricated a reason to arrest him knowing there was no probable cause simply because he was exercising his right to free speech
2. Defendants violated Plaintiff's Second Amendment rights when they fabricated a reason to arrest him knowing there was no probable cause simply because he was exercising his right to bear arms
3. Defendants violated Plaintiff's Fourth Amendment rights when they arrested him without probable cause
4. Defendants violated Plaintiff's Fourteenth Amendment rights when they arrested him without probable cause

Because Plaintiff's allegations that Defendants violated his constitutional rights depends on whether Defendants had probable cause to arrest Plaintiff, Defendants argued in their Motion for Summary Judgment that Plaintiff's § 1983 cause of action fails as a matter of law because they had probable cause to arrest Plaintiff.  Although Defendants mentioned the Fourth Amendment in their Motion for Summary Judgment and supporting memoranda, they did so because the underlying allegations of Plaintiff focus on whether there was probable cause for the arrest or whether Defendants fabricated the reason for the arrest without any legal justification.  ECF No. 66-1.  However, throughout the Motion for Summary Judgment, Defendant argued there were no

constitutional violations because of the existence of probable cause for the arrest and because they were entitled to qualified immunity. *See, e.g.*, ECF No. 66-1 at ¶ 10, 14.

In the instant case, the officers arrested Plaintiff and charged him with breach of peace. Plaintiff's allegations are that there was no legal justification for the arrest for breach of peace such that the act of arresting him without probable cause amounted to a violation of his First, Second, Fourth, and Fourteenth Amendment rights. Because Judge Gossett correctly found that there was arguably probable cause for the arrest, there could be no violation of Plaintiff's constitutional rights under any other amendment. *See* ECF No. 81 at 11–12, 15. As Judge Gossett noted, "whether the deputies intended to arrest Martin for his refusal to provide identification, an objective officer confronted with those circumstances could reasonably believe that she had probable cause to arrest Martin for breach of peace." ECF No. 81 at 15. Accordingly, whether the officers' subjective intentions were to arrest Plaintiff because they did not like that he was exercising his right to free speech or his right to bear arms, as alleged by Plaintiff, there was no constitutional violation in this case because an objective officer could reasonably believe there was probable cause to arrest Martin for breach of peace. *See Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) ("Our cases make clear that an arresting officer's state of mind (except for facts that he knows) is irrelevant to the existence of probable cause. That is to say, his subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause."). This finding by Judge Gossett precludes the entirety of Plaintiff's claims.

A claim for violation of the Fourth Amendment and Fourteenth Amendment are inextricably intertwined, such that there can be no violation of the general due process rights under the Fourteenth Amendment for an arrest if there is not a violation of the Fourth Amendment. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit

textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."); *Lytes v. Smith*, 11 F. Supp. 3d 527, 535 (D.S.C.), *aff'd*, 585 F. App'x 51 (4th Cir. 2014) (citing *Albright* and explaining that "an arrest without probable cause implicated the Fourth Amendment right and not the more general substantive due process right under the Fourteenth Amendment"); *Taylor v. Waters*, 81 F.3d 429, 435–36 (4th Cir. 1996) ("[N]o substantive due process right against prosecution on less than probable cause exists under the Fourteenth Amendment—at least when there is no quantum of harm occurring between the initiation of groundless charges and the seizure."). As explained by the United States Supreme Court, "[b]y virtue of its 'incorporation' into the Fourteenth Amendment, the Fourth Amendment requires the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty." *Baker v. McCollan*, 443 U.S. 137, 142 (1979). Accordingly, the Fourteenth Amendment is the vehicle by which the Fourth Amendment becomes applicable to the states. *See also Maryland v. Pringle*, 540 U.S. 366, 369 (2003) ("Under the Fourth Amendment, made applicable to the States by the Fourteenth Amendment . . . ."). As Judge Gossett found there was no Fourth Amendment violation in this case, Plaintiff's allegations that Defendants violated his Fourteenth Amendment rights also fail as a matter of law and should be dismissed. *See Wambach v. Wright*, No. CA 1:10-2912-HFF-SVH, 2011 WL 1597660, at *4 (D.S.C. Feb. 7, 2011), *report and recommendation adopted*, No. CIV.A. 1:10-2912-HFF, 2011 WL 1595171 (D.S.C. Apr. 27, 2011) ("In as much as Plaintiff attempts to claim violation of substantive due process, the Supreme Court has ruled that an individual alleging that he was prosecuted in the absence of probable cause states no substantive due process claim, but instead the claim must be brought under the Fourth Amendment.").

Similarly, Plaintiff's claims for violation of his First Amendment rights should also be dismissed because Judge Gossett found there was arguably probable cause for the arrest. "The presence of probable cause should generally defeat a First Amendment retaliatory arrest claim." *Nieves v. Bartlett*, 139 S.Ct. 1715, 1726–28 (2019) ("Because there was probable cause to arrest Bartlett, his retaliatory arrest claim fails as a matter of law."). Plaintiff's claim that Defendants violated his First Amendment rights stem from his allegation that the officers fabricated a charge for breach of peace to arrest Plaintiff because he was exercising his right to free speech by refusing to identify himself. However, as Judge Gossett found, any subjective intent on behalf of the officers "to arrest Martin for his refusal to provide identification" would not matter because "an objective officer confronted with those circumstances could reasonably believe that she had probable cause to arrest Martin for breach of peace." ECF No. 81 at 15. There are no allegations in the Amended Complaint that Defendants violated Plaintiff's First Amendment rights in any way other than by arresting him "without articulable suspicion, probable cause, legal authority to do so and without legal justification." ECF No. 10 at ¶ 61.

Further, although there is a narrow exception that an arrest made with probable cause can be retaliatory if a plaintiff presents "objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been," there is no evidence or any allegations that would support the application of this narrow exception in this case. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1727 (2019). There were only two individuals involved in this incident—Plaintiff and his cousin. Both individuals were arrested and charged with breach of peace. Thus, there is no objective evidence whatsoever that a similarly situated person who was not engaged in the alleged protected speech, but who were also participating in the shooting that night, were not arrested. *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1306

(11th Cir. 2019), *cert. denied sub nom. DeMartini v. Town of Gulf Stream, Fla.*, 141 S. Ct. 660, 208 L. Ed. 2d 269 (2020) ("As to any *Nieves* exception, there is no claim or evidence that other individuals engaged in similar conduct, without ramifications . . . .").

Any allegations made by Plaintiff as to the subjective intent of the officers do not rise to the level necessary to show a violation of Plaintiff's First Amendment rights in the presence of probable cause. As indicated by the *Nieves* court, there must be objective evidence, similar to the "objective inquiry" required for "a probable cause analysis," that "avoids the significant problems that would arise from reviewing police conduct under a purely subjective standard." *Id.* Accordingly, Plaintiff's claim for violation of his First Amendment rights fails because, as Judge Gossett found, Defendants "arguably had probable cause" for the arrest. ECF No. 81 at 12. *See also Curry v. Town of Atl. Beach*, No. 4:15-CV-3327-BHH-TER, 2017 WL 627401, at *12 (D.S.C. Jan. 31, 2017), *report and recommendation adopted*, No. CV 4:15-3327-BHH, 2017 WL 626105 (D.S.C. Feb. 15, 2017) ("Therefore, because Plaintiff has failed to present sufficient evidence to create an issue of fact as to whether his second and third arrests, discussed above, lacked probable cause, his First Amendment claim with respect to those arrests fails."); *Taylor v. Cudd*, No. 718CV00765TMCJDA, 2020 WL 1704633, at *10 (D.S.C. Jan. 23, 2020), *report and recommendation adopted*, No. 7:18-CV-00765-TMC, 2020 WL 967447 (D.S.C. Feb. 28, 2020) (finding a defendant's motion for summary judgment should be granted as to a plaintiff's retaliatory arrest claim because the defendant "had probable cause to arrest the plaintiff" and was "entitled to qualified immunity").

Finally, there also was no violation of Plaintiff's Second Amendment rights because of the existence of probable cause and qualified immunity. Plaintiff's basis for his Second Amendment claim also relies on his allegation that the officers unlawfully arrested him because he was

"exercis[ing his] constitutional rights by legally shooting weapons." ECF No. 10 at ¶ 50. As discussed above, any alleged subjective intent on behalf of the officers to arrest Plaintiff to prevent him from exercising his Second Amendment rights is immaterial in this case because the proper analysis focuses on the objective reasonableness of an officer's conduct. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). *See also* ECF No. 81 at 15 ("[T]he deputies' subjective intent is irrelevant."). As correctly found by Judge Gossett, Defendants are entitled to qualified immunity because "an objective officer confronted with those circumstances could reasonably believe that she had probable cause to arrest Martin for breach of peace." ECF No. 81 at 15. The Amended Complaint and Plaintiff's opposition to summary judgment does not make any other allegation against Defendants for violating his Second Amendment rights other than the fact that Plaintiff alleges he was unlawfully arrest for exercising his Second Amendment rights. Because there was probable cause to support Plaintiff's arrest for breach of the peace, that arrest was not unlawful and cannot support his claim for violation of his Second Amendment rights.

## **CONCLUSION**

Wherefore, based on the forgoing and as may be presented at any hearing of this matter as may be scheduled by the Court, Defendants assert that this matter must be dismissed and that they are entitled to summary judgment for any and all claims presented by Plaintiff.

Respectfully submitted,

**SMITH│ROBINSON**
**Smith Robinson Holler DuBose and Morgan, LLC**

By: *s/Shanon N. Peake*
H. Thomas Morgan, Jr., Fed ID No. 10189
**Shanon N. Peake, Fed ID No. 13051**
ATTORNEY FOR DEFENDANTS
935 Broad Street
Post Office Drawer 39
Camden, South Carolina 29021

(803) 432-1992
tommy@smithrobinsonlaw.com
shanonp@smithrobinsonlaw.com

September 21, 2021