IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Kareem Martin, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>Fairfield County Sheriff's Office, Sheriff Will )<br>Montgomery, Deputy Samantha Demirtas, )<br>Sergeant Timothy Inman, and Sergeant Chris )<br>Darner, )<br>)<br>    Defendants. )<br>) | C/A NO.: 0:20-cv-01400-MGL<br><br>**DEFENDANTS' REPLY TO<br>JANUARY 11, 2022 ORDER** |

Defendants Fairfield County Sheriff's Office, Sheriff Will Montgomery, Deputy Samantha Demirtas, Sergeant Timothy Inman, and Sergeant Chris Darner (hereinafter "Defendants"), by and through their undersigned counsel, respectfully submit this Reply to the Court's January 11, 2022 Order. (ECF No. 89). In the Order, the Court stated:

> In Defendants' objections [85] they state that "their Motion for Summary Judgment included arguments related to Plaintiff's 1983 claim for violation of his First, Second, Fourth, and Fourteenth Amendment rights." Therefore, not later than 5:00 PM today, January 11, 2011, Defendants shall file with the Court a reply to this Order directing the Court to those specific arguments in their Motion for Summary Judgment.

(ECF No. 89).

Defendants submit that all arguments made in their Motion for Summary Judgment and Memorandum in Support regarding Plaintiff's federal § 1983 claim—specifically pages eight through fifteen of their Memorandum in Support—are related to Plaintiff's argument that Defendants violated his First, Second, Fourth, and Fourteenth Amendment rights. (ECF Nos. 66 and 66-1). As discussed in Defendants' Objection (ECF No. 85), the basis for Plaintiff's § 1983 claim is that Defendants unlawfully arrested him. This is regardless of whether Plaintiff classifies

that as a violation of his First, Second, Fourth, or Fourteenth Amendment rights. In other words, Plaintiff alleges Defendants unlawfully arrested Plaintiff in violation of his constitutional rights. Plaintiff alleges the unlawful arrest violated his First, Second, Fourth, and Fourteenth Amendment rights because Defendants fabricated a reason to arrest him—knowing that they did not lawfully have a reason to arrest him—in order, in part, to stop him from exercising his First or Second Amendment rights. However, the foundation supporting Plaintiff's allegations under all cited constitutional amendments is that Defendants unlawfully arrested him. Defendants attacked this foundation in the Motion for Summary Judgment, arguing the arrest was lawful and they were entitled to qualified immunity, and Judge Gossett agreed. These arguments were set forth throughout Defendants' Motion and Memorandum and were asserted to dispense of *all* alleged violations of constitutional rights under § 1983. As discussed in their Memorandum in Support of Motion for Summary Judgment (ECF No. 66-1) and Objection to the Report of Recommendation (ECF No. 85), Defendants maintain the existence of probable cause for the arrest and their entitlement to qualified immunity preclude Plaintiff's claim for violation of any constitutional amendment. Accordingly, Defendants request the Court dismiss this action in its entirety.

Respectfully submitted,

**SMITH | ROBINSON**
**Smith Robinson Holler DuBose and Morgan, LLC**

By: *s/Shanon N. Peake*
H. Thomas Morgan, Jr., Fed ID No. 10189
**Shanon N. Peake, Fed ID No. 13051**
ATTORNEY FOR DEFENDANTS
935 Broad Street
Post Office Drawer 39
Camden, South Carolina 29021
(803) 432-1992
tommy@smithrobinsonlaw.com
shanonp@smithrobinsonlaw.com

January 11, 2022