

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| KAREEM MARTIN, § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | |
| SHERIFF WILL MONTGOMERY; DEPUTY § | Civil Action No. 0:20-01400-MGL |
| SAMANTHA DEMIRTAS; SERGEANT § | |
| TIMOTHY INMAN; SERGEANT CHRIS § | |
| DARNER; and FAIRFIELD COUNTY § | |
| SHERIFF'S OFFICE, § | |
| Defendants. § | |

### ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND ORDER

Pending before the Court is Plaintiff Kareem Martin's (Martin) motion to alter or amend the Court's Order granting partial summary judgment. Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

As an initial matter, Martin states that he brings this motion under Federal Rules of Civil Procedure 50, 52, 54, and 59. Sheriff Will Montgomery, Deputy Samantha Demirtas, Sergeant Timothy Inman, Sergeant Chris Darner and the Fairfield County Sheriff's Office (collectively, Defendants) urge this Court to consider the motion under the unforgiving Rule 59(e) standard for amending final judgments, citing *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017).

As the Fourth Circuit explained in *Carlson*, the district court retains more discretion to revise an interlocutory order "such as one for partial summary judgment" under Rule 54(b) because

new facts or arguments may come to light before entry of final judgment. *Id.* at 325; *see also* Fed. R. Civ. P 54(b) ("a court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."). Because the Court did not explicitly direct entry of final judgment as to the claims considered in the partial summary judgment order, it will consider this motion under the more forgiving Rule 54(b) standard.

Nevertheless, "the discretion Rule 54(b) provides is not limitless." *Id.* "The law-of-the-case doctrine provides that in the interest of finality, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Id.* (internal quotation omitted). The Court, however, may deviate from this principle of finality to alter or amend an order under Rule 54(b) only when "(1) a subsequent trial produc[es] substantially different evidence; (2) [there is] a change in applicable law; or (3) [there is] clear error causing manifest injustice." *Id.* (internal quotation omitted) (explaining that the Rule 59(e) standard is similar, but it allows consideration of new evidence only if it was unavailable prior to judgment).

Here, Martin's motion to alter or amend merely regurgitates and rehashes the arguments already rejected by the Court in its order granting partial summary judgment. He presents no change in the law, no newly discovered evidence, and no clear error. Thus, even under the more relaxed Rule 54(b) standard, Martin's motion fails.

Nor do Rules 50 or 52 provide Martin relief. *See* Fed. R. Civ. P. 50 (setting forth the rules for judgment as a matter of law in a jury trial); Fed. R. Civ. P. 52 (providing a mechanism for amending findings of fact made by a court).

Wherefore, based on the foregoing discussion and analysis, and in the interest of finality, it is the judgment of the Court Martin's motion to alter or amend is **DENIED**.

**IT IS SO ORDERED**.

Signed this 23rd day of May 2022, in Columbia, South Carolina.

                                                   s/ Mary Geiger Lewis
                                                   MARY GEIGER LEWIS
                                                   UNITED STATES DISTRICT JUDGE